The Honorable Frank L Kurtz
Chapter: 13

Lisa McMahon-Myhran, WSB#27559
Jessica Bandlow, WSB #46026
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
Phone: (206) 676-9640

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| In Re: | BANKRUPTCY NO. 13-02365-FLK13 |
| THOMAS A GLASE and AMY E GLASE, | CHAPTER NO. 13 |
| Debtors. | EX PARTE MOTION TO ALLOW LOAN MODIFICATION |

TO:    CLERK OF THE U.S. BANKRUPTCY COURT,
        THOMAS A GLASE, Debtor
        AMY E GLASE, Debtor
        RENE ERM, II, Attorney for Debtors,
        DANIEL H BRUNNER, Trustee and
        U.S. TRUSTEE

Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-14 (hereinafter "Christiana Trust") moves that the court approve the loan modification attached as Exhibit 1.  Christiana Trust is a secured creditor with an interest in the property commonly known as 1257 Valley Chapel Rd., Walla Walla, WA 99362.  The debtor has been approved for a loan modification as outlined below:

MOTION TO ALLOW LOAN MODIFICATION - 1
60224-0759-BK-1\Washington (Western) Motion Re Stay

1. Beginning January 1, 2014, the monthly payment amount is $2,673.99, which includes $2,217.74 for principle and interest, and $456.25 for escrow. The escrow amount may adjust periodically.

2. The interest rate shall be 5.375%

WHEREFORE, Christiana Trust asks that the court approve of the debtor and Christiana Trust entering into the attached loan modification.

DATED this 19th day of December, 2013.

/s/ Lisa McMahon-Myhran
Lisa McMahon-Myhran, WSB #27559,
ROBINSON TAIT, P.S.
Attorneys for Christiana Trust, A Division of
Wilmington Savings Fund Society, FSB, as Trustee for
Stanwich Mortgage Loan Trust, Series 2012-14

MOTION TO ALLOW LOAN MODIFICATION - 2
60224-0759-BK-1\Washington (Western) Motion Re Stay

EXHIBIT "1"

13-02365-FLK13    Doc 52    Filed 12/19/13    Entered 12/19/13 09:58:57    Pg 3 of 8



P.O. Box 54285 Irvine, CA 92619-4285
(800) 561-4567

CMS Loan #

**After Recording Return To:**

_____
_____
_____
_____

This document was prepared by _____

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"):[1]  THOMAS A GLASE; AMY E GLASE
Lender ("Lender"): Carrington Mortgage Services, LLC
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 08/24/07
Loan Number: 7000040821
Property Address [and Legal Description if recordation is necessary] ("Property"):
1257 VALLEY CHAPEL RD, WALLA WALLA     WA  99362-0000

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied

1.  **My Representations and Covenants**. I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G. I have made or will make all payments required under a trial period plan

---

[1] If there is more than one Borrower or Mortgagor executing this document  each is referred to as "I '  For purposes of this document words signifying the singular (such as  I") shall include the plural (such as "we") and vice versa where appropriate

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT                                      Form 3157    3/09 (rev 3/09) *(page 1 of 5 pages)*

13-02365-FLK13    Doc 52    Filed 12/19/13    Entered 12/19/13 09:58:57    Pg 4 of 8



P O Box 54285 Irvine, CA 92619-4285
(800) 561-4567

H. If I am currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in a bankruptcy proceeding, nothing in the trial period plan, any final modification agreement, or any other document executed in connection with this offer shall be construed as an attempt by Lender to impose personal liability for the loan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **11/01/13** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **01/01/14**.

   A. The new Maturity Date will be: **10/2047**.
   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $414456.23 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.
   C. Interest at the rate of **5.37500%** will begin to accrue on the New Principal Balance as of **11/01/13** and the first new monthly payment on the New Principal Balance will be due on **01/01/14**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 5.37500 | 11/01/13 | $2217.74 | $456.25 adjusts annually after year 1 | 2673.99 adjusts annually after year 1 | 01/01/14 | 60 |
| 6 | 5.37500 | 11/01/18 | $2217.74 | Adjusts Annually | Adjusts Annually | 01/01/19 | 12 |
| 7 | 5.37500 | 11/01/19 | $2217.74 | Adjusts Annually | Adjusts Annually | 01/01/20 | 12 |
| 8 | 5.37500 | 11/01/20 | $2217.74 | Adjusts Annually | Adjusts Annually | 01/01/21 | 12 |
| 9-34 | 5.37500 | 11/01/21 | $2217.74 | Adjusts | Adjusts | 01/01/22 | 310 |

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3157    3/09 (rev. 3/09) *(page 2 of 5 pages)*

13-02365-FLK13    Doc 52    Filed 12/19/13    Entered 12/19/13 09:58:57    Pg 5 of 8



P.O Box 54285 Irvine, CA 92619-4285
(800) 561-4567

| | | | | Annually | Annually | | |
|---|---|---|---|---|---|---|---|

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4 **Additional Agreements** I agree to the following:

A That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F You understand that you are not required to waive or release any claims and/or defenses in connection with this Agreement

G. You understand and agree that by accepting this Loan Modification your credit score may be adversely affected, however CMS will not make inaccurate payment delinquency reports to any credit reporting agencies provided you are making your reduced modification payments in a timely manner. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm

H That all terms and provisions of the Loan Documents, except as expressly modified by this

13-02365-FLK13    Doc 52    Filed 12/19/13    Entered 12/19/13 09:58:57    Pg 6 of 8



P.O Box 54285 Irvine, CA 92619-4285
(800) 561-4567

Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents

I  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

J. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

K. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void

L. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

M  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

N. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan

O. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment

13-02365-FLK13   Doc 52   Filed 12/19/13   Entered 12/19/13 09:58:57   Pg 7 of 8



P.O. Box 54285 Irvine, CA 92619-4285
(800) 561-4567

history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

P. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

Q. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

| Lender | _____ (Seal) |
| | THOMAS A GLASE |
| By: _____ | Date |
| | _____ (Seal) |
| | AMY E GLASE |
| Date  11-20-13 | Date |

[Space Below This Line For Acknowledgement]

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157  3/09 (rev. 3/09) *(page 5 of 5 pages)*

13-02365-FLK13    Doc 52    Filed 12/19/13    Entered 12/19/13 09:58:57    Pg 8 of 8